[No. 6962.]

## County Commissioners of Lake County v. Campbell.

Fees—*Sheriff's Fees*—Under the statute (Laws 1897, c. 67 and Laws 1907, c. 177, Rev. Stat. secs. 1282, 2632) the sheriff conveying several prisoners to the penitentiary or other place of detention, is entitled to but one mileage for the service of the mittimus, no matter what may be the number of his prisoners. —(442).

So he is entitled to but one mittimus mileage for all prisoners, who being convicted and sentenced, are ready to be transported at the same time, however transported, whether by separate trips, or otherwise—(442).

But he is entitled to mileage for each prisoner so transported, whether in one or several trips—(443).

*Error to Lake District Court.*—Hon. Charles Cavender, Judge.

Mr. Francis E. Bouck, for plaintiff in error.

Mr. F. E. Purple, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court:

:Defendant in error brought suit in the district court against the county commissioners of Lake county, to recover the sum of $174.00, said to be due for fees earned as sheriff, but disallowed by the commissioners. Trial was to the court upon agreed facts, which show that on June 24, 1909, five boys were tried and found guilty by the county court, as delinquents, and committed to the State Industrial School; they were ready for transportation thereto at the same time. Defendant in error, as sheriff, took them into custody, and conveyed them, upon three separate trips to that institution. He thereafter presented his claim for services against the county, consisting of five separate items of mileage for transporting the prisoners, and one item of mileage for service of the mittimuses; the commissioners, deeming all but one of the trips unnecessary, allowed the item of mittimus mileage, but only one mileage for service for transporting the prisoners. The question before the court below was, whether the sheriff was entitled to receive separate transportation mileage upon each prisoner, the board having held him entitled to but one, without reference to the number of prisoners transported. Plaintiff had judgment and defendant brings it here for review on error.

The case involves the construction of paragraph 24 of chapter 177 of the Session Laws of 1907, and chapter 67 of the Session Laws of 1897, which are, respectively, as follows:

"For transporting insane or other prisoners, besides the actual expenses necessarily incurred, * * * in counties of the third class, fifteen cents per mile; * * * and for the service of the mittimus, or other process or order, whether written or otherwise, in transporting prisoners, * * * in counties of the third class, ten cents per mile;"

"It shall be the duty of any sheriff transporting prisoners to the penitentiary of the state, or to the reformatory or to the reform school or other place of confinement, to convey to such penitentiary, or reformatory, or reform school or other place of confinement at one time all prisoners who may have been convicted and sentenced and who are ready for such transportation... Provided, that if any sheriff fails or neglects to carry out the provisions of this act, the county commissioners may in their discretion disallow any such sheriff's bill for such extra trips as in the discretion of the county commissioners are unnecessary, and provided, further, that this act shall not apply to the transportation of the insane."

The statute of 1907, by provisions other than that above quoted, provides in effect that a sheriff shall have but one fee upon all writs executed at the same time; the 1897 statute requires the sheriff to take, at one trip, all prisoners who are then ready for transportation. So that clearly, if the officer obeys the statute, but one mittimus mileage can lawfully be claimed, no matter how many writs or prisoners he may have, if they are all then ready to be transported. And plainly, if he makes extra or unnecessary trips, thereby seeking to evade the statute and collect mittimus mileage for each trip, the commissioners not only have the authority, but it becomes their duty, under the law, to disallow all except a single mittimus mileage. More than one mittimus mileage, charged under such conditions, is simply unlawful, and no express statute is necessary to give the commissioners authority to disallow the excess. There are no provisions in any way limiting the right of the sheriff to charge transportation mileage upon each prisoner, and respecting such fees, the commissioners have no discretion, nor does the statute of 1897 purport to give any.

In *Sargent v. La Plata County,* 21 Colo. 158, where a similar proposition was involved, a clear distinction is drawn between a mileage fee for service in transporting prisoners and a mileage fee for service of a writ, subpoena or other process, and the correctness of that decision is not questioned. It was there held that the mileage fee for transporting prisoners is compensation for the labor, time, care, risk and danger incurred by such transportation, calculated by the number of miles traveled while the sheriff has the prisoner in charge. With that decision as a guide, since the sheriff claimed but one mittimus mileage, it is of no consequence whether the prisoners were transported in one trip or five, as the care, risk and danger incurred was exactly the same. If the contention of plaintiff in error be allowed, it would place this officer's compensation for the care, risk, responsibility and danger incurred in transporting prisoners at the arbitrary disposal of the board of county commissioners, which, in view of the clear provision of the statute, can not be, for the liability incurred in transporting prisoners attaches to each separate and individual prisoner, and the sheriff should have compensation for each, whether transported separately or together, because the fact that several prisoners are taken at the same time in no sense reduces the responsibility for each one severally. This construction allows compensation to the officer for his services, in exact keeping with express statutory provision. It follows, therefore, since the sheriff charged but one mittimus mileage, though making separate trips, and transportation mileage on each prisoner, precisely as the statute provides, that his bill is in all respects legal and proper and should have been allowed.

While the matter is not here directly involved, still it is important to note that probably the prime object of

the 1897 statute was to vest in county commissioners a discretion as to bills of sheriffs for actual expenses incurred in transporting prisoners, when making extra or unnecessary trips. Under this provision county commissioners undoubtedly have such discretion, and are free, in a proper case, to exercise it in such manner as the facts warrant and require.

There being no error, the judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.

Decided March 4, A. D. 1912. Rehearing denied May 6, A. D. 1912.